*James, Huston & Taylor,* for appellant.

*Hughes,* for appellee.

------

## G. K. SLOAN'S ADMR. v. T. B. WALTERS.

Evidence—Competency of Witness—Suit on Note..

> In a suit by an administrator against Walters on a note for $300, assigned by Talbot, Walters called Talbot as a witness to establish payments. Should the administrator recover the whole amount of the debt would have gone into judgment; and if Walters had failed in establishing his defense, Talbot would have been responsible to him for such payments. Held, that Talbot's interest being against Walters, he was a competent witness for him.

APPEAL FROM NELSON CIRCUIT COURT.

September 11, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Talbert having assigned to G. K. Sloan, Walters' note for $300, which was executed to him, was called by Walters to establish his defense of payment partly to Talbert, which was objected to by the plaintiff, but over-ruled by the court, and exceptions.

Appellant insists that Talbert's interest was not in equipoise, and therefore, he is not a competent witness.

In a suit between Sloan's administrator against Talbert on his assignment, he could not use the record to show the character of that assignment, and if Sloan's administrator should recover, the measure of recovery would be the amount paid, or, in the absence of all proof as to this, the amount of the debt assigned with interest thereon and the legal costs recovered of him in prosecuting this suit, whilst had Walters failed in establishing his defense, Talbert would have been responsible to him only for the amount received from him subsequent to the assignment, with interest thereon, but no costs; therefore, the legal interest of Talbert was against Walters who called him to testify, and he was clearly competent. As to his preferences and partiality, that would go to his credibility in the consideration of the jury. As he was corroborated in a material point by another witness as to the motive and consideration of the assignment, we could not disturb the verdict and judgment on the evidence. We think the instructions properly expounded the law of the case, but if they did not no objections were made nor exceptions taken to them. Wherefore the judgment is affirmed.

*Bunch & Lee, for appellant.*

*McKay, for appellee.*